**Irma W. BARTMAN, Appellant,**

**v.**

**DERBY CONSTRUCTION COMPANY, Inc., Appellee.**

Court of Appeals of Kentucky.

March 5, 1965.

Rehearing Denied Nov. 26, 1965.

J. W. Jones, Louisville, for appellant.

B. L. Shamburger, Louisville, R. Vincent Goodlett, Frankfort, for appellee; Hazel-rigg & Cox, Frankfort, of counsel.

WADDILL, Commissioner.

Appellant, Irma Bartman, instituted this action March 18, 1958, to recover for damage to her property allegedly resulting from the blasting operations of appellee, Derby Construction Company. The appeal is from an order granting summary judgment and dismissing appellant's action as barred by the five-year statute of limitations. KRS 413.120(7).

In support of its motion for summary judgment appellee filed a portion of the transcript of evidence in a prior suit filed against it by neighbors of appellant. In that transcript appears testimony of appellant that could be interpreted to show that appellant sustained damage from appellee's blasting as early as 1952. Appellant filed affidavits that the damage for which she seeks a recovery occurred in July 1953 (within the limitation period). Appellee maintains that the trial court properly dismissed appellant's action because her testimony in the neighbor's suit constitutes a judicial admission that her cause of action accrued prior to the limitation period.

In the absence of circumstances giving rise to a probability of error in the answers given, a party to an action is bound by admissions which he has made in his testimony on the trial of that action. Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021. Moreover, a pleading filed in an action may constitute a judicial admission in a subsequent action between the same parties. Center v. Stamper, Ky., 318 S.W.2d 853.

Since the testimony relied upon by appellee to sustain its motion for summary judgment was not given in an action between these same parties nor in an action wherein appellant was even a party we conclude that it does not constitute a judicial admission and that the court erred in granting summary judgment. Without attempting to determine whether there is a conflict between appellant's prior testimony and her affidavits in the instant action, we believe that it is for a jury to determine what credence to give her testimony in this action as possibly impeached by her statements in the past.

Upon the record before us it is not apparent whether the alleged nuisance is of a permanent or temporary character. A consideration of the opinion in Lynn Mining Co., Inc. v. Kelly, Ky., 394 S.W.2d 755 (this day decided) should be of assistance in ascertaining the date from which to measure the limitation period.

The judgment is reversed with directions to enter an order overruling the motion for summary judgment.