John W. YOUNG, Commissioner of Labor, etc., Appellant,

v.

Trimble BELCHER et al., Appellees.

Court of Appeals of Kentucky.

Dec. 3, 1971.

Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

Dan Jack Combs, E. R. Hays, Pikeville, for appellees.

REED, Judge.

This is a workmen's compensation case in which the board found that the claimant, Trimble Belcher, worked in the coal mines in this state from age 14 until he became disabled on November 14, 1963, at which time he was employed by Stonecoal Corporation. Belcher, at the time his disability manifested itself, had been exposed to hazards of pneumoconiosis for thirty-seven years; this exposure existed in Kentucky for a two-year period immediately preceding disability as required by KRS 342.316(4). A physician whom he consulted shortly after he quit work diagnosed his trouble to be bronchial asthma, on which he relied and did not realize that he had contracted pneumoconiosis.

Belcher did not work after November 1963, but on February 26, 1965, he was convicted of malicious cutting and wounding and was sentenced to serve a two-year term in the penitentiary. He served 18 months of the sentence, from March 3, 1965 to September 3, 1966, and was then released. On March 9, 1970, Belcher was examined by a physician who diagnosed his condition to be category II pneumoconiosis. Another physician confirmed this same diagnosis on April 23, 1970. Belcher filed his claim on March 16, 1970. The board awarded him benefits for total and permanent disability to be paid by the Special Fund. The circuit court affirmed.

The Fund's appeal to the circuit court and to this court is based on the sole contention that Belcher's claim was barred by operation of law; that if he was disabled in November 1963 his claim is barred by KRS 342.316(3) because it was not filed within five years from the last exposure and that if he was not to be considered disabled until his condition was diagnosed in 1970 then his claim is barred by KRS 342.316(4) because he did not establish and could not show that he had been exposed to the hazards of the disease two years next before his disability.

On judicial review, we are bound by the board's finding that Belcher became disabled in November 1963 and that he had been exposed to hazards of the disease in this state for two years next preceding his disability. We are also bound by the board's finding that the claim was filed as soon as Belcher knew or should have known of the existence of pneumoconiosis. See Inland Steel Company v. McCarey, Ky., 467 S.W.2d 137 (1971).

The sole problem remaining is whether the claim is barred by KRS 342.316(3), which requires that the claim must be filed within five years from the last injurious exposure to the occupational hazard. This period was exceeded by almost one and one-half years; Belcher was last exposed in November 1963, but his claim was not filed until March 1970.

In Inland Steel Company v. Terry, Ky., 464 S.W.2d 284, we specifically declined to declare whether the five-year limitation provision of KRS 342.316(3) was to be regarded as a statute of limitation; in that case we did, however, construe KRS 342.316(4) as a prescription of necessary ingredients for the claimant to show as a

part of his claim rather than as a pure statute of limitation. These ingredients are two-year exposure to the hazards of the disease in this state next preceding disability.

In this case as in Terry we do not find it necessary to decide whether KRS 342.316(3) is purely a statute of limitations. The Fund concedes that KRS 413.310 is applicable in some instances to workmen's compensation claims.

KRS 413.310 provides: "The time of confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action." In its brief in this court discussing KRS 413.310, the Fund states: "This statute should apply only where the litigant/claimant is incarcerated when the limitation period runs. The period should not begin to run again until the confinement ends and only then for the balance of the limitation time remaining. Here, the claimant's time did not run out while confined. The statute should apply where the end of the limitation period and the confinement overlap."

If we assume KRS 413.310 applies to workmen's compensation claims as is argued by the Fund on this appeal, we are unable to accept the Fund's contention concerning a proper construction of the language of this statute. The contention amounts to no more than an argument advocating what the statute should say instead of what the statute does say.

Where the case is one involving a civil action and a pure statute of limitations, most tolling statutes in other states provide that the limitations period is not interrupted by imprisonment of the plaintiff subsequent to the accrual of his right of action. See discussions in Annotation: Imprisonment—Statute of Limitation, 24 A.L.R.2d 618, sec. 6. Statements of the same general tenor may be found in 54 C.J.S. Limitations of Actions § 218 and 51 Am.Jur., Limitation of Actions, sec. 192. The various statutes from other jurisdictions, on which these discussions are based, expressly condition their applicability on the accrual of the plaintiff's right of action while he is under disability or confined in prison. KRS 413.310, however, contains no like restriction either expressly or by implication.

A substantial and serious issue could have been presented concerning whether KRS 413.310 has any applicability to claims for workmen's compensation, which are governed by the provisions of Chapter 342 of our statutes. We expressly reserve decision on that issue until it is properly raised and presented for decision.

The judgment of the circuit court which upheld the board's award is affirmed.

All concur.