Paul D. TACKETT, Gerald Newson, Earl Ousley, David D. Hinchman and Frank McGuire, Appellants,

v.

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Floyd County Board of Education, Appellees.

and

Edith MEADOWS, Wallace R. Smith, Betty T. Turner, Eula J. Smith, Grace Turner, Lexene T. Combs, Hazel Hatton, Eva Jean Turner, Phyllis Noble, Alfred Turner, Herbert J. Turner, Nadine Risner, Maxine Watts Hudson, Dorothy Mae Turner, Mose Turner, Willie Turner, Sammie Turner, Ina H. Southwood, Paul Robin Herald, Frances S. Humphrey, Lois H. Jones, Mary L. Turner, Calvin Pitts, Joyce Ann Herald, Michael Eugene Turner, Wiley Turner, Roy M. Smith, Bonnie C. Turner, Myrtle Lois Dunn, Alma Jean Couch, Hubert Ray Herald, Alice Herald, Eliza S. Gabbard, James T. Turner, Lizzie Marie Moore, Alice T. Raleigh, Naomi Herald, Burton Herald, Jr., Ellard Harvey, Margaret C. Combs, Treva Gross, Nettie Turner, Linda Herold, Ettazene M. Montgomery, Thomas K. Miller, Gladys Herald, Ken Turner, Monva Hudson, Philip Gross, Appellants,

v.

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Breathitt County Board of Education, Appellees.

Carol BAKER, Wanda Sizemore, Bonnie Sizemore, Ruie Baker, Rose Asher, Delphia Stidham, Dorothy Lewis and Mary Napier, Appellants,

v.

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Leslie County Board of Education, Appellees.

Mitchell Lee BRYANT, Susan Marie Bryant, Sylvia C. Alexander, Appellants,

v.

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Trigg County Board of Education, Appellees.

Shirley A. McCLURE, Mary Sue Hugg, Maxine C. Hinkle, Deborah J. Brashear, Donale C. Henderson, Carrell G. Whitaker, Mary E. Baker, Kenneth E. Hicks, Allen Branscam, Zella C. Sears, Virginia R. Clines, Alice Abner (Weaver), Verne J. Wright, Barbara Tucker, Colene F. Hadley, Phyllis Minton, Vickie Tolliver, Cheryl Snider, Ronald W. Meece, Howard G. Bates, Jr., Elsie B. Kroger, Walter R. Jones, Gladys E. Wood, Avery Hatfield, Howard Minton, Ralph Slone, Ruth A. Powell, Iva J. Erp, Glenna C. Jackson, Joan Muse (Cornett), Daphne R. Jeffries, Eleanor B. Morris, Billy E. Williamson, Ella Mae Baker, Donovan F. Daulton, Chester M. Tuggle, Beatrice Lowery, Mary Hale, Georgiana G. Silvers, Anthony W. Sears, Luta Carter, Clyda S. Hicks, Georgia Burnette, Glenda I. Collier, Mildred D. Fitzgerald, Vera Von Richardson, Geneva Taylor, Diana Cash, Appellants,

v.

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Pulaski County Board of Education, Appellees.

and

Ronnie CALHOUN, Virginia H. Barnes, Peggy S. Shroat, Joyce R. Allen, Appellants,

v.

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Livingston County Board of Education, Appellees.

and

Eliza GARNER, Juanita Bridgeman, Mildred Wilson, Bertha Foley (Grider), Appellants,

v.

KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Russell County Board of Education, Appellees.

Billy HAY, Jacqueline Hay, Appellants,

v.

KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION and Wayne Coun-
ty Board of Education, Appellees.

Paul FUGATE, Gail Harris, Peggy Fugate,
Charles Papley, John Gibbs, Mary
McWhorter, Layton Carroll, Silas Tutt,
Carole Collingsworth, Wanda Creech,
Rita Rogers, Alene Miller, Lerraine
McWhorter, Nancy Herald, William
Robinson, Charles McQuinn, Donnie
McQuinn, James Lacy, Frances Brooks,
James Morris, Unice Stone, Rita Robin-
son, Bonnie McQuinn, Sewell Watkins,
Phyllis Lacy, Reva Hurst, Appellants,

v.

KENTUCKY UNEMPLOYMENT INSUR-
ANCE COMMISSION and Wolfe Coun-
ty Board of Education, Appellees.

Court of Appeals of Kentucky.

Jan. 29, 1982.

Discretionary Review Denied
April 13, 1982.

John Frith Stewart, Dennis Franklin
Janes, Kenneth A. Connelly, Jr., Segal, Is-
enberg, Sales & Stewart, Louisville, for ap-
pellants.

Stanley A. Stratford, Dept. for Human
Resources, Frankfort, for appellee, Ky. Un-
employment Commission.

F. C. Bryan, Bryan & Fogle, Mount Ster-
ling, for appellees, Boards of Education.

Before GANT, LESTER and GUDGEL,
JJ.

LESTER, Judge.

The question to be resolved by this court
is as follows:

Are public school teachers unemployed during a calendar week when, during that week, they perform less than full-time work, the work originally scheduled is made up at a later date within the contract year and the worker suffers no loss of salary by reason of his or her temporary enforced idleness?

This appeal is a consolidation of nine cases emanating from different circuit courts, all of which affirmed the decision of the Kentucky Unemployment Insurance Commission (K.U.I.C.) denying appellants unemployment benefits for snow days. Appellants are teachers in the various county school systems employed under continuing contracts, to be renewed annually. They have varying lengths of service, some are tenured, while others are not. The terms of their employment are dictated by statute and regulation. Basically, they are required to work 185 days during a period beginning in early August, but not to exceed June 30 of the following year. School calendars are set at the beginning of this period, but may be revised to make up lost days. Teachers are paid in equal installments throughout the school years, the frequency of which is determined by each school district. In the instant cases, inclement weather forced the closing of schools at various times during January, February, and March of 1980, sometimes in excess of seven days. Appellants filed claims for unemployment benefits for those days with the K.U.I.C. Hearings were held in each case. It was the decision of the Commission that appellants were not entitled to benefits as they were not unemployed during the claim period. The Commission found that modification of the school calendar did not alter the terms or contract of employment in that appellants were able, as per their contracts, to work 185 days within the prescribed school year, and their incomes remained intact. Consequently, they were not unemployed. Upon appeal of the K.U.I.C. decisions to the circuit court, appellants' complaints were dismissed and the administrative agency affirmed.

If findings of fact of an administrative agency are supported by substantial evidence of probative value, they must be accepted as binding upon the reviewing court and then it must be determined whether or not the agency applied the correct rule of law to the facts so found. *Southern Bell Telephone and Telegraph Co. v. Kentucky Unemployment Ins. Comm.*, Ky., 437 S.W.2d 775 (1969); *McFadden v. Kentucky Unemployment Ins. Comm.*, Ky. App., 588 S.W.2d 711 (1978). Upon review of the records herein, we are of the opinion that there was substantial evidence of probative value to support the Commission's findings. Likewise, we believe that the correct rule of law was applied to these cases. As previously noted, the terms of appellants' employment are dictated by statute (KRS 158.070) and regulation (703 K.A.R. 2:010, 2:020), and are embodied in their contracts requiring them to work 185 days between early August and June 30. It is within the province of the respective school districts to determine which 185 days appellants must work. In any event, they are paid in *equal* installments during the school year. As the Commission stated in its decision,

> The basic aim of the Unemployment Insurance Program is to provide temporary assistance to workers during weeks when they are *both* idled for lack of work and receive no wages.

While appellants may have been idled by the weather, they, nevertheless, received their regular paycheck. For as long as they themselves and the school system adhere to the terms of their contracts, they were employed and ineligible for unemployment benefits.

Since the Commission failed to find appellants to be unemployed, we do not reach the issue of their "availability" for suitable work, KRS 341.350(4), nor will we discuss it at any great length. However, it appears to this court that had the Commission reached that issue, it could have made a determination based upon no other testimony or evidence, but could rely solely upon appellants' contracts which were a matter of record, as well as the statute and regula-

tions governing their term of employment. Likewise, the circuit court could consider such evidence upon review.

In Nos. 81–1521 and 81–1859, appellants assert that the trial court erred in summarily dismissing their complaints without complying with the procedures outlined in KRS 341.450(3). We agree with appellants that the language of that provision is mandatory. However, having already affirmed the Commission and the circuit court on the substantive issue, it would be a futile gesture to remand these causes to the lower court for correction of the procedural problem.

The judgments of the circuit courts are affirmed.

All concur.