**Dwight D. POLLITT, Appellant,**

v.

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Wald's Manufacturing Company, Inc., Appellees.**

Court of Appeals of Kentucky.

July 9, 1982.

Jeffrey A. Armstrong, John McFerrin, Appalachian Research and Defense Fund of Ky., Inc. Barbourville, for appellant.

Kay E. Sauer, Dept. for Human Resources, Frankfort, for appellee (Kentucky Unemployment Ins. Comm.

Before GUDGEL, HOWARD and WINTERSHEIMER, JJ.

HOWARD, Judge.

Dwight D. Pollitt appeals from a judgment in the Mason Circuit Court, said judgment dismissing his appeal from the decision of the Kentucky Unemployment Insurance Commission (hereinafter referred to as "Commission"). The Commission denied Pollitt any unemployment benefits on August 24, 1981, and the appeal was dismissed as untimely filed under K.R.S. 341.360.

The issue presented here is simple: whether K.R.S. 413.310 applies to appeals from administrative decisions. K.R.S. 413.310 provides as follows:

The time of confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action.

It is undisputed that at the time the Commission's decision was rendered, Pollitt was incarcerated in the Bell County Forestry Camp. It is also undisputed that Pollitt's appeal was filed only one day late. The only previous case that has bearing on this issue is *Young v. Belcher*, Ky., 474 S.W.2d 78 (1971), wherein the Court held that a Workmen's Compensation claim filed nearly six and one-half years late was not barred by the five-year statute of limitations in that the claimant had been incarcerated for one and one-half years during the interval. Unfortunately, as the Commission notes, in *Young v. Belcher*, the Special Fund had stipulated the applicability of K.R.S. 413.310 for purposes of that specific appeal and the Court declined to rule on the issue at bar, saying:

A substantial and serious issue would have been presented concerning whether KRS 413.310 has any applicability to claims for workman's compensation, which are governed by the provisions of Chapter 342 of our statutes. We expressly reserve decision on that issue until it is properly raised and presented for decision.

We, however, see a greater distinction between *Belcher, supra*, and the case at bar. In *Belcher*, K.R.S. 413.310 was applied to K.R.S. 342.316(3), which provides that a claim must be filed within five years from the last injurious exposure to an occupational hazard. K.R.S. 342.316(3) is a statute of limitation on *commencement* of a claim before an administrative board. In the case at bar, we are dealing with an *appeal* from an administrative decision, not the commencement of a claim. Therefore, the issue presented in *Belcher, supra*, is not the issue presented here.

Our question is whether an appeal from an administrative decision is the equivalent to any other civil action to be filed with a circuit court or whether such an appeal is to be treated simply as any appeal within the court system and therefore subject to strictly enforced procedural rules. If the former, then K.R.S. 413.310 is applicable; if the latter, it is not. It is our opinion that an

appeal cannot be considered "the commencement of an action." Pollitt's action or claim was begun or commenced when it was filed in March, prior to his incarceration. The appeal he seeks is simply a continuation of the same action; albeit in another forum with specific jurisdictional requirements. By failing to meet those requirements, the statutorily granted "grace to appeal" was lost. *Board of Adjustment of City of Richmond v. Flood*, Ky., 581 S.W.2d 1, 2 (1978).

Pollitt also contends that he is entitled to an extension of time under CR 6.02.

The civil rules do not apply to this type of litigation (appeals from administrative decisions) until after the appeal has been perfected.

*Id.*, 581 S.W.2d at 2.

For the foregoing reasons, the judgment of the Mason Circuit Court is hereby affirmed.

All concur.