**TRAVELODGE INTERNATIONAL, INC. a/k/a Louisville Travelodge, Appellant,**

v.

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Brenda Allen, Appellees.**

Court of Appeals of Kentucky.

March 7, 1986.

Rehearing Denied May 23, 1986.

Claire Reiss Seitz, Woodward, Hobson & Fulton, Louisville, for appellant.

Terry L. Morrison, Cabinet for Human Resources, Frankfort, for appellee, Kentucky Unemployment Ins. Com'n.

Edward Harrington, Jr., Louisville, for appellee, Brenda Allen.

Before COMBS, HOWERTON and WHITE, JJ.

COMBS, Judge.

This is an appeal from an order of the Jefferson Circuit Court, affirming two orders of the Kentucky Unemployment Insurance Commission [Commission] granting appellee unemployment benefits.

Appellee Brenda Allen worked as a maid for appellant Travelodge International, Inc. On March 5, 1983, hotel manager Kathy Reed informed Brenda's supervisor that an occupant had reported $20.00 missing from room 126. Ms. Reed stated that management gave the guest the $20.00, and issued a debit voucher for that amount. Brenda, who cleaned room 126, overheard the conversation and learned that she was being accused of stealing the money. Brenda called Ms. Reed the next day, and Ms. Reed accused her of taking the $20.00, stating that she "wasn't having somebody work there like that." Brenda understood that she was being fired, collected her vacation pay, and filed for unemployment benefits.

The adjusted determination disqualified Brenda from receiving benefits on the theory that she voluntarily quit her job without good cause. The referee affirmed, stating that the "evidence was not sufficient to substantiate that an accusation of theft was made." The Commission accepted Brenda's appeal as timely, even though her notice of appeal was not timely received. The Commission affirmed the referee's decision on August 11, 1983.

On August 17, 1983, Brenda filed a request for a rehearing and a notice of appeal with the Commission. Brenda asked for a rehearing in order to introduce a new deposition given by Ms. Reed. The deposition established that Reed's testimony before the referee was perjured. The Commission remanded the case to the referee with instructions to enter Ms. Reed's deposition into the record and to conduct a new

hearing on the merits. The employer filed a notice of appeal from this order.

Ms. Reed's deposition relates that the missing $20.00 did not belong to a hotel guest. Apparently, Ms. Reed's husband planted the money in the room in order to see if it would be turned in by the staff. Ms. Reed admitted that she lied to the referee because "it just seemed more logical to use that as the story for the reason for the money being in the room in the first place." Ms. Reed also admitted lying about the debit voucher for the $20.00 because "that was what I felt that had to be said in order to go along with what we had told them (Brenda and her supervisor) at the meeting that night."

After considering the evidence in light of Ms. Reed's deposition, the Commission held that Brenda quit her job with good cause and awarded her benefits. The employer filed a second notice of appeal from this order. The circuit court affirmed both orders, and appellant brought this appeal.

Appellant first argues that the lower court erred in failing to hold a hearing prior to rendering its decision, as required by KRS 341.450(3). In *Tackett v. Kentucky Unemployment Insurance Commission*, Ky.App., 630 S.W.2d 76 (1982), the circuit court summarily dismissed several consolidated actions without complying with KRS 341.450(3). This court found the statutory provision mandatory, but refused to remand for correction of a procedural error since it was affirming on the merits.

■ In our opinion, this case is indistinguishable from *Tackett*. We note that a reviewing court decides unemployment cases based on the certified record from the Commission. The court has no authority to consider evidence outside the record or to incorporate new proof into the record. Thus, any hearing before the circuit court serves the limited purpose of argument and argument alone on points of law. If the lower court erred in failing to hold a hearing, such error was harmless and will not support a reversal. CR 61.01.

■ Appellant next argues that the Commission lacked jurisdiction to accept Brenda's notice of appeal from the referee's decision because it was not timely mailed. The referee mailed his decision on May 4, 1983. Brenda's notice of appeal was dated May 9, 1983, but mailed on June 17, 1983. The Commission accepted Brenda's appeal as timely based on counsel's statement that a notice of appeal was timely mailed but never received by the Commission. The circuit court deferred to the Commission's ruling, and we find no error in that decision.

■ Appellant contends that the Commission erred in reconsidering its orginal decision in light of Ms. Reed's deposition. According to appellant, the Commission had no power to reconsider its decision because the controlling regulations did not provide for reconsideration at that time. *See* 903 KAR 5:130 § 5. We disagree. Decisions by the Commission do not become final until twenty days after they are rendered. *See* KRS 341.440(3). Therefore, we hold that the Commission had jurisdiction to reconsider its decision. *See Union Light, Heat & Power Co. v. Public Service Commission*, Ky., 271 S.W.2d 361 (1954).

■ Finally, appellant claims the Commission erred in reversing the referee's finding solely on the basis of Ms. Reed's credibility. Appellant argues that the Commission should have ordered the referee to take additional proof. *See* 904 KAR 5:130 § 2(2)(c). Again, we disagree. The referee believed Ms. Reed's statement that she did not accuse Brenda of theft and based his decision on her testimony. Ms. Reed's deposition not only impeached her earlier testimony, but constituted a judicial admission against her employer. *Bartman v. Derby Construction Company*, Ky., 395 S.W.2d 360 (1965).

■ Appellant's other allegations of error are without merit. Our review of the record shows that the Commission's findings are supported by substantial evidence. The Commission found that "it is unreasonable to expect a worker to continue employ-

ment when directly accused of theft and given clear indication that their continued employment is not desired." In our opinion, the lower court did not err in affirming the Commission's ruling that Brenda voluntarily quit work for good cause. *Kentucky Unemployment Insurance Commission v. Murphy*, Ky., 539 S.W.2d 293 (1976).

The judgment of the Jefferson Circuit Court is affirmed.

All concur.