**Kerwin D. KERR, Appellant,**

v.

**KENTUCKY STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS, Appellee.**

**No. 89–CA–001881–MR.**

Court of Appeals of Kentucky.

Nov. 2, 1990.

Steven G. Bolton, Frankfort, for appellant.

Norman G. Golibersuch, Lexington, Richard C. Carroll, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, MILLER and STUMBO, JJ.

STUMBO, Judge:

This appeal arises from an order of the Franklin Circuit Court upholding in part an administrative order suspending appellant's license to practice land surveying for a period of five years. We reverse.

On December 10, 1985, a complaint was issued against Kerwin D. Kerr, appellant, a licensed and registered professional surveyor, by Larry S. Perkins, the Executive Director of the Kentucky State Board of Registration for Professional Engineers and Land Surveyors. This complaint charged Kerr with gross negligence and incompetence, under KRS 322.180, in conducting four surveys. The surveys in question, in the order listed in the complaint, were conducted for Dr. Richard Turrell on April 12, 1984; for J.E. Engle and wife on March 4, 1985; for Chester Simms on October 7, 1984; and for Sylvester Wilson on September 8, 1975. The complaint made no allegations concerning the Board's code of professional practice and conduct.

On February 7, 1986, the Board held a hearing on the charges against Kerr. Kerr was not represented by counsel and did not introduce any witnesses in his defense.

Kerr admitted that his surveys may not have been of the quality achieved in more urban areas, but explained that the land involved in these surveys was extremely rough, and that he is not always able to use the most modern electronic distance measuring equipment. Four professional surveyors testified before the Board. Each surveyor had resurveyed one of the four properties involved and testified as to their professional opinion of the job Kerr had done. After hearing this testimony, on April 24, 1986, the Board issued Findings of Fact, Conclusions of Law, and an Order suspending Kerr's license to practice surveying for five years. The five conclusions of law reached by the Board are as follows:

The Board concludes that all four of the surveys concerning which evidence which evidence [sic] was given at the hearing, were conducted by the Respondent and the plats prepared by him under standards less than those applied by land surveying practitioners in the Commonwealth of Kentucky.

The Board further concludes that, with respect to the Turrell, Engle and Wilson surveys, that the plats rendered by the Respondent failed to comply with the Minimum Standards of Practice promulgated by this Board and in effect at the time such surveys were conducted and plats rendered.

The Board concludes that all of the surveys were rendered in a grossly negligent and incompetene [sic] manner, all in contravention [sic] of KRS 322.180(2).

The Board further concludes that the conduct of these surveys by the Respondent was done in a manner not in keeping with Section 1 of the Code of Professional Practice and Conducted [sic] promulgated by this Board in that, in the conduct of these surveys, the land surveyor did not conduct his practice in order to protect the public health, safety and welfare.

The Board further concluded that, in conducting these surveys, the land surveyor exhibited conduct likely to discredit or reflect unfavorabley [sic] upon the dignity or honor of the profession in contravention [sic] of Section 9 of the Code of Professional Practice and Conduct promulgated by this Board.

Kerr subsequently filed an appeal of the Board's order in the Franklin Circuit Court. Kerr was represented by counsel during this appeal and put on additional evidence. An additional evidentiary hearing was conducted on May 12, 1987. Another such hearing was conducted on July 14, 1987. After considering all of the evidence before it, the court found this testimony to be "virtually the same in all material respects" to that given before the Board and adopted the findings of fact made by the Board. Kerr filed a motion to alter, amend or vacate the order and requested additional findings of fact. In response the court amended its order and reversed the Board as to its use of the 1975 survey done for Sylvester Wilson, but affirmed the order in all other respects.

Kerr appeals from this judgment and alleges three errors by the trial court, as well as arguing that KRS 322.180 is unconstitutional, and that there was insufficient evidence before the Board to find him guilty of gross negligence or misconduct. Since we agree with appellant on two of the alleged errors, we need not reach his other contentions.

The Board relied upon KRS 322.180 in revoking Kerr's license. The particular sections applicable are:

The board shall have the power to suspend, refuse to renew, or revoke the registration of any registrant, reprimand, place on probation, or fine not to exceed one thousand dollars ($1,000), any registrant who is found guilty by the board of:

. . . .

(2) Any gross negligence, incompetence or misconduct in the practice of engineering or surveying;

. . . .

(4) Violation of the code of professional practice and conduct which has been adopted by the board.

At this point it is necessary, for purposes of clarity, to separate the discussion of section two (2) of KRS 322.180 from that of

section four (4). The first three conclusions of law made by the Board, which were adopted by the trial court with the exception of the use of the Wilson survey of 1975, are asserted as grounds under KRS 322.180(2) for the revocation of Kerr's license.

■ These conclusions relied upon the application of the minimum standards of practice, as adopted by the Board. KRS 322.290(2)(f), as amended in 1982, clearly authorizes the Board to adopt such standards. As pointed out by the appellant, 201 KAR 18:150, which codified these standards, was not effective until September 10, 1985, months after all of the surveys in question had been completed. Appellant correctly points out that the retroactive application of this regulation to him would be a violation of KRS 446.080(3). Appellee urges, however, that the minimum standards of practice adopted internally in 1980, and of which all licensed surveyors were notified, were in effect at the time of the surveys in question. In support of this conclusion, appellee argues that KRS 322.-290(1)(a), as early as 1972, gave the Board the authority to "[a]dopt and amend all bylaws and rules of procedure, consistent with the Constitution and laws of the state, and reasonably necessary for the proper performance of its duties and the regulation of the proceedings before it."

■ Upon examination, it is clear that this was simply a statute designed to enable the Board to establish rules of procedure, not to publish regulations. Therefore, these standards, as adopted in 1980, are not authorized by statute and cannot be used as a basis to suspend Kerr. Appellee urges that, should we reach this conclusion, KRS 13A.130(2), which prohibits the use of such internal policies by regulatory agencies, was not effective until April 13, 1984, one day after the April 12, 1984 survey performed for Dr. Turrell, and that this survey can be considered by the Board in suspending Kerr. Since such use of an internal policy by the Board would be a violation of appellant's due process rights, regardless of whether he was informed of such policy, we do not find this argument

persuasive. Regulatory agencies are creatures of statute, and have no powers of their own; such internally adopted policies are null and void, and of no effect whatsoever. Accordingly, the first three conclusions of law entered by the Board and adopted by the court must be overturned.

■ The fourth and fifth conclusions of law are based upon Kerr's purported violation of KRS 322.180(4). KRS 322.290(2)(e), as amended in 1982, authorizes the Board to promulgate a code of professional practice and conduct. The Board properly published this code in 201 KAR 18:140, effective on September 8, 1982. Therefore, it was clearly in effect at the time of three of the four surveys in question. Appellant argues, however, that the complaint filed against him did not contain any allegations of purported violations of the code of professional practice and conduct. 201 KAR 18:130 § 1(4)(a)(2), effective June 11, 1975, states that formal complaints shall contain "[a] clear and concise description of the issues of fact and law involved and the statutes, rules and regulations and sections of the code of ethics which the party complained against has violated."

The 1982 amendment to KRS 322.180(4) shows that the word "ethics", as used in 201 KAR 130 § 1(4)(a)(2), was replaced by the phrase "professional practice and conduct", which was adopted in 1982 by 201 KAR 140. Since appellant was not given notice, as required by the regulation, that any violations of the code of professional practice and conduct may have occurred, the fourth and fifth conclusions of the law must also be overturned.

Therefore, the judgment of the Franklin Circuit Court is reversed and remanded with directions that appellant's license be reinstated.

All concur.