David GAINES d/b/a David Gaines
Roofing and Supplies,
Appellant,

v.

KENTUCKY OCCUPATIONAL SAFE-
TY AND HEALTH REVIEW COM-
MISSION and Kentucky Department
of Labor (now Kentucky Labor Cabi-
net), Appellees.

No. 2009–CA–001794–MR.

Court of Appeals of Kentucky.

April 16, 2010.

Discretionary Review Denied by
Supreme Court Dec. 8, 2010.

John H. Gray, Frankfort, KY, for appellant.

James R. Grider, Jr. Frankfort, KY, for appellee, Kentucky Labor Cabinet.

Frederick G. Huggins, Frankfort, KY, for appellee, Kentucky Occupational Safety and Health Review Commission.

Before CAPERTON and MOORE, Judges; BUCKINGHAM,[1] Senior Judge.

## OPINION

MOORE, Judge.

█ David Gaines, d/b/a David Gaines Roofing and Supplies, appeals an opinion and order of the Franklin Circuit Court dismissing as untimely his declaratory action and appeal from the Kentucky Occupational Safety and Health Review Commission. After a careful review of the record, we agree that Gaines' appeal was untimely. As such, we affirm.[2]

## FACTUAL AND PROCEDURAL HISTORY

On August 3, 2004, the Department of Labor issued two citations to Gaines, who properly filed a notice of contest on August 19, 2004, pursuant to Kentucky Revised Statute (KRS) 338.141(1). On September 3, 2004, the Department of Labor filed a complaint with the Occupational Safety and Health Review Commission. Gaines failed to answer. Gaines also failed to respond to a September 23, 2004 show cause order, which the Commission issued because Gaines failed to file an answer.

The Commission's regulations, contained in 803 Kentucky Administrative Regulations (KAR) 50:010 *et seq.*, require that a responding party file an answer within fifteen days and state that failing to file an

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

2. An appellate court may affirm a lower court's decision on other grounds as long as the lower court reached the correct result. *See e.g. McCloud v. Commonwealth*, 286 S.W.3d 780, 786 n. 19 (Ky.2009) ("[I]t is well-settled that an appellate court may affirm a lower court for any reason supported by the record.") (*citing Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App.1991)). We agree with the ultimate conclusion of the circuit court, but must point out that we disagree with several portions of the circuit court's opinion. For example, much of its analysis relies upon the assumption that Gaines' appellate rights expired thirty days following the Commission's December 7, 2004 order. As analyzed in our opinion *infra*,

the Commission had no jurisdiction to render that order at all, and Gaines' appellate rights had actually expired one month prior to that order.

Furthermore, the circuit court held that it was arbitrary for the Commission to have dismissed Gaines' contest as a penalty for untimely filing an answer, without first granting him a hearing. In support, the Circuit Court relied upon KRS 13B.010(6), which defines a final order as "the whole or part of the final disposition of an administrative hearing...." This holding, however, ignores two points of law. First, administrative hearings before the Commission are exempt from the purview of KRS 13B. *See* KRS 13B.020(3)(d)(4)(a). Second, as analyzed in this opinion, the Commission was authorized to dismiss Gaines' contest, without a hearing, as a penalty for Gaines' failure to timely file an answer.

answer within that time may, in the discretion of the Commission, constitute a waiver of right to further participation in the proceedings and grounds for the Commission to dismiss or dispose of the case without a hearing. *See* 803 KAR 50:010 §§ 3(1) and 23. Accordingly, the Commission dismissed Gaines' contest in a final order of October 5, 2004, without a hearing.

On October 26, 2004, Gaines moved the Commission to reconsider its October 5, 2004 final order and reopen his case. On November 9, 2004, the Commission granted Gaines' motion and sent him a letter on November 12, 2004, stating that he should file an answer by November 19, 2004. Gaines filed an answer on November 18, 2004. Then, in a December 7, 2004 order, the Commission stated that it had no jurisdiction to rescind its October 5, 2004 order when it purported to do so through its order of November 9, 2004. Accordingly, it withdrew its November 9, 2004 order and reinstated its October 5, 2004 order.

Two years later, Gaines filed two additional motions to reopen and/or for reconsideration with the Commission—one on December 4, 2006, and the other on January 10, 2007. The Commission denied these motions on January 4, 2007, and February 6, 2007, respectively.

On March 8, 2007, Gaines filed an action with the Franklin Circuit Court styled as an appeal of each of the Commission's orders refusing to reconsider the December 7, 2004 order; as referenced above, the December 7, 2004 order reinstated the earlier October 5, 2004 final order of dismissal. Gaines also asked for a declaration of his right to a hearing before the Commission with respect to the September 3, 2004 complaint that was filed against him by the Department of Labor.

On September 2, 2009, the court held that Gaines failed to timely appeal the December 7, 2004 order by January 6, 2005 (*i.e.*, within the thirty-day period mandated by KRS 338.091(1)), and accordingly dismissed Gaines' action. This appeal followed.

## ANALYSIS

The Commission's order dismissing Gaines' right to contest the Cabinet's complaint was final when it was entered on October 5, 2004, because it put an end to the action. *Hubbard v. Hubbard,* 303 Ky. 411, 412, 197 S.W.2d 923, 924 (1946). It states on its face that it is final. Furthermore, it specifically informed Gaines of his right to appeal it within thirty days before the Franklin Circuit Court, pursuant to KRS 338.091. No party contends that this order was in any way defective or void when it was entered.

The Commission correctly notes that KRS 338.091(1) provides the exclusive means for contesting its final decisions: "[a]ny party adversely affected or aggrieved by a final order of the review commission may appeal within thirty (30) days to the Franklin Circuit Court on the record for a review of such order." When Gaines appealed this decision to the Franklin Circuit Court two years after it was rendered, rather than thirty days, Gaines failed to timely appeal the Commission's decision per KRS 338.091(1), and failed to properly exhaust his administrative remedies. Thus, his case was properly dismissed.

Gaines contends that he has not failed to exhaust his administrative remedies because a defect in the Commission's December 7, 2004 order, which purported to reinstate its October 5, 2004 order, indefinitely extended the Commission's jurisdiction over his case. Alternatively, Gaines argues that his motion for reconsideration stayed the finality of the Commission's October 5, 2004 order. Gaines also contends that he was denied due process when the Commission denied him a hearing in relation to the Department of Labor's

complaint. We disagree. Each of these arguments is addressed, in turn, below.

■■■ To begin, whether the December 7, 2004 order is defective is a moot point. After the Commission issues an effective final order, the agency retains no jurisdiction to withdraw previous orders and issue new ones. *See Secretary, Labor Cabinet v. Boston Gear, Inc., a Div. of IMO, Industries, Inc.*, 25 S.W.3d 130, 134 (Ky.2000). "[A]n administrative agency does not have any inherent or implied power to reopen or reconsider a final decision and ... such power does not exist where it is not specifically conferred upon the agency by the express terms of the statute creating the agency." *Kentucky Bd. of Medical Licensure v. Ryan*, 151 S.W.3d 778, 780 (Ky. 2004) (citing *Phelps v. Sallee*, 529 S.W.2d 361, 365 (Ky.1975)). Thus, regardless of how many orders the Commission decided to render after October 5, 2004, or how defective those orders may have been, none of those orders could have repealed its earlier final order of October 5, 2004, or changed the fact that Gaines' sole remedy for challenging that final order was to appeal it to the Franklin Circuit Court by November 4, 2004. *See* KRS 338.091(1). Nor, for that matter, could the Commission's actions subsequent to rendering the October 5, 2004 final order, or its purported consent to allow Gaines to file an answer, have somehow reinvested it with the jurisdiction allowing it to do so.

■■■ For similar reasons, Gaines' motion for reconsideration, which he filed with the Commission after it had rendered its final order, could not have stayed the thirty-day period allowed under KRS 338.091(1) for an appeal before the Franklin Circuit Court. Gaines argues that the Kentucky Civil Rules of Procedure allow for motions for reconsideration and that 803 KAR 50:010 § 49 indicates that the Commission retains jurisdiction over matters following a final order, and it thus had the authority to indefinitely stay the proceedings in this matter. This argument, however, misinterprets two points of law.

First, the Civil Rules do not apply in administrative proceedings unless a statute so provides; they only apply after an appeal from an administrative proceeding has been perfected to the circuit court. *Pollitt v. Kentucky Unemployment Ins. Com'n*, 635 S.W.2d 485, 487 (Ky.App.1982); *see also Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978); *see also* CR 1.[3] Here, given the procedural history of this case, nothing in KRS Chapter 338 specifically confers upon the Commission the power to reconsider or reopen a final order that it has issued. Thus, it has no such authority.

Second, while 803 KAR 50:010 § 49(1) provides that that "[a]ny party aggrieved by a final order of the commission may, while the matter is within the jurisdiction of the commission, file a motion for a stay," this regulation speaks only to the powers of an agency "to enforce its validly entered orders, and its standing authority to retain enforcement jurisdiction of the same." *Brighty v. Brighty*, 883 S.W.2d 494, 496 (Ky.1994); *see also, Natural Re-*

[3] Curiously, the Commission cites to *Carnahan v. Yocom*, 526 S.W.2d 301, 303 (Ky. 1975), for the proposition that the Civil Rules authorized it to grant default judgment against Gaines when Gaines failed to timely file an answer in the administrative proceedings. However, unless otherwise provided by statute, the Civil Rules do not apply in the context of administrative proceedings until after an appeal of those proceedings has been perfected to the circuit court. *Carnahan* does not support a contrary proposition because that case addresses a default judgment resulting from failure to file an answer *after* an administrative action had been perfected to a circuit court. The Commission's authorizing legislation and regulations provided it the discretionary authority to dismiss Gaines' contest, rather than the Civil Rules.

sources *and Environmental Protection Cabinet v. Whitley Development Corp.,* 940 S.W.2d 904, 908 (Ky.App.1997) (describing the "enforcement jurisdiction" of the Natural Resources and Environmental Protection Cabinet to "continue until such time as the required reclamation is completed").

Indeed, KRS 338.991(6) specifically authorizes the Commission, at its discretion, to "suspend the time period allotted for correction of a violation during the review of an appeal from the violation in question," and KRS 338.091(2) enables the Commission to enforce its orders while they are being appealed to the Franklin Circuit Court in the absence of an order staying their enforcement. These rules, however, cannot be interpreted to confer any authority upon the Commission to modify its final orders or extend the period of time for taking an appeal of its final orders because, as noted above, no statute grants the Commission that authority.

Finally, we disagree with Gaines' proposition that the Commission's behavior in these proceedings, or its denial of a hearing on the matter of the Department of Labor's complaint, could have violated his due process rights. The Commission was authorized to dismiss Gaines' case in a final order without a hearing when Gaines failed to timely file an answer. And where an order is not void, KRS 338.091(1) clearly states the only procedure available for relief from the final order of the Commission is to file an action in circuit court.

## CONCLUSION

For these reasons, the order and opinion of the Franklin Circuit Court is AFFIRMED.

ALL CONCUR.