**Jo Ann M. GRIMES, Appellant,**

v.

**KENTUCKY UNEMPLOYMENT IN-SURANCE COMMISSION and the United States Postal Service, Appellees.**

**No. 2010–CA–000896–MR.**

Court of Appeals of Kentucky.

May 6, 2011.

Kenneth J. Henry (argued), Henry & Associates, PLLC, Louisville, KY, for appellant.

Amy F. Howard (argued), Frankfort, KY, for appellee.

Before TAYLOR, Chief Judge; MOORE and WINE, Judges.

## OPINION

WINE, Judge:

Jo Ann M. Grimes ("Grimes") appeals from an order of the Jefferson Circuit Court dismissing her appeal from a decision of the Kentucky Unemployment Insurance Commission ("the Commission") to take no action on her motion to reopen a claim for unemployment benefits. We agree with the circuit court that there is no statutory basis to bring a motion to reopen or for the circuit court to review the denial of such a motion. Furthermore, an appeal from the original denial of Grimes's application would have been untimely. Therefore, the circuit court properly dismissed the appeal. Hence, we affirm.

The underlying facts of this action are not in dispute. After being terminated from her employment with the United States Postal Service ("the Postal Service"), Grimes applied for unemployment benefits with the Commission. On January 26, 2009, a referee held a hearing on the matter. Subsequently, the referee denied Grimes's application finding that she had been terminated for cause. Grimes filed a timely appeal from the referee's decision, which was affirmed by the Commission on April 28, 2009. Grimes then appealed that decision to the Jefferson Circuit Court. On July 22, 2009, the circuit court dismissed the appeal, concluding that it lacked jurisdiction because the complaint was not verified. Grimes did not appeal from that order.

On August 17, 2009, Grimes filed a motion with the Commission to reopen the claim based on a settlement she entered into with the Postal Service during separate proceedings before the Equal Employment Opportunity Commission ("EEOC"). Under the terms of that settlement, the Postal Service agreed to change the grounds for her termination from "for cause" to "lack of work." The Postal Service also agreed that it would not contest Grimes's application for unemployment benefits. Grimes argued that the settlement constituted "newly discovered evidence" which would warrant reopening of her claim.

The motion came before the Commission at its August 24, 2009, meeting. After discussing the motion, the Commission decided that "no action would be taken on

the motion." The Commission concedes that it did not inform Grimes of this decision. Furthermore, Grimes only learned of the decision after filing an Open Records Request to obtain a copy of the Commission's minutes. Grimes received the minutes of the August 24, 2009 meeting on December 26, 2009.

Thereafter, on January 14, 2010, Grimes filed an action in the Jefferson Circuit Court seeking review of the Commission's decision pursuant to Kentucky Revised Statute ("KRS") 341.450(1). The Commission filed a motion to dismiss, arguing that the Commission had no authority to consider Grimes's motion to reopen and that the circuit court lacked jurisdiction to consider her appeal from that action. In an order entered on April 12, 2010, the circuit court agreed and dismissed her appeal. Grimes now appeals to this Court.

As the circuit court correctly noted, Grimes cannot appeal the original denial of her application for unemployment benefits. KRS 341.450(1) requires that an appeal must be brought within twenty (20) days from the date of the Commission's decision. Grimes attempted to appeal from the Commission's April 28, 2009 order affirming the referee's denial of benefits. However, she failed to follow the jurisdictional prerequisites for bringing an appeal. As a result, her appeal was dismissed and she did not seek further review of that dismissal. Consequently, the Commission's decision became final by operation of law. KRS 341.440(3).

■■■■ Grimes argues that she was entitled to file a motion to reopen her application for benefits and that the Commission erred by refusing to make a decision on her motion. The Commission responds that it had no jurisdiction or authority to consider a motion to reopen and therefore could not enter a decision. However, a quasi-judicial agency such as the Commission, like a court, has the implied authority to determine its own jurisdiction. *City of Greenup v. Public Service Commission*, 182 S.W.3d 535, 538–39 (Ky.App.2005), citing 2 Am.Jur.2d *Administrative Law* § 284 (2004). Once the Commission concluded that it lacked jurisdiction to consider the motion to reopen, it was required to deny it. The Commission's decision to "take no action" on the motion effectively operates as a denial of the motion.

Nevertheless, we agree with the circuit court that there is no statutory or administrative procedure to reopen a final order denying unemployment benefits. In *Travelodge International, Inc. v. Kentucky Unemployment Insurance Commission*, 710 S.W.2d 232 (Ky.App.1986), this Court held that the Commission had the authority to reconsider its original decision until the time that decision became final, twenty (20) days after rendition. *Id.* at 234. The Commission has expressly provided for reconsideration of its decisions in 787 Kentucky Administrative Regulations ("KAR") 1:110 § 2(5), which allows the filing of a motion for reconsideration up to ten (10) days after rendition.

■■■■ However, KRS 341.440(3) specifies that "[i]n the absence of an appeal therefrom, decisions of the commission shall become final twenty (20) days after the date they are made." Neither the *Travelodge* case nor the regulation contemplate that the Commission would have authority to reopen a final decision. Indeed, an administrative agency does not have any inherent or implied power to reopen or reconsider a final decision and that such power does not exist where it is not specifically conferred upon the agency by the express terms of the statute creating the agency. *Kentucky Board of Medical Licensure v. Ryan*, 151 S.W.3d 778, 780 (Ky.

2004); and *Phelps v. Sallee*, 529 S.W.2d 361, 365 (Ky.1975). In the absence of any express statutory authority to reopen its final order, the Commission would have been required to deny Grimes's motion.[1]

Moreover, we agree with the trial court that KRS 341.450(1) is not the appropriate vehicle to appeal from the Commission's denial of a motion to reopen. There is no appeal as a matter of right from decisions of an administrative agency. When a mechanism for appeal is provided by statute, strict adherence to its procedure is required. *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky.1978); *Taylor v. Duke*, 896 S.W.2d 618, 621 (Ky.App.1995); *Burns v. Peavler*, 721 S.W.2d 715, 717 (Ky.App.1986); and *Pollitt v. Kentucky Unemployment Insurance Commission*, 635 S.W.2d 485 (Ky. App.1982).

Grimes contends that the Commission's denial of her motion to reopen is appealable under KRS 341.450(1) in the same manner as the Commission's original denial of her application. But as noted above, the Commission does not have any authority to reopen its decision once it becomes final. Since the finality of the original decision remains undisturbed, the time for appealing that decision is likewise unaffected by the denial of the motion to reopen. And as the circuit court pointed out, the time for appealing the original decision has long passed. Rather, the only possible way for Grimes to seek review of

---

1. In support of her contrary position, Grimes cites several cases from the *Kentucky Unemployment Insurance Digest.* 787 KAR 1:110 § 2(6) authorizes the Commission to develop, distribute, and maintain a manual or digest containing all currently valid precedent decisions. The Commission may also designate its decisions as precedent for future cases of similar circumstance. 787 KAR 1:110 § 3(5)(a)4. But such designated decisions are binding only on lower levels of determination. 787 KAR 1:110 § 3(5)(a)5. In this case, the cited digest opinions by the Commission were not designated as precedent decisions and would not be binding on this Court even if they had been. Moreover, none of the digest summaries are sufficient to establish that the Commission has any inherent power to reconsider a final decision. In Order #5056, the Digest reports an unpublished Court of Appeals opinion holding that the Commission has the inherent power to reconsider its decisions. *Cart v. Kentucky Unemployment Insurance Commission and the Place.* However, the digest does not provide a citation or a case number for this opinion and we are unable to find any other reference to the opinion. In the absence of an adequate citation to the rendered opinion, the digest summary of this Court's opinion is of limited value. Furthermore, the digest summary does not indicate whether the Commission attempted to reconsider its decision before it became final. In Order #5161, the Digest reports a Commission decision holding that the Commission is without authority to reconsider a case once its initial ruling has become final for want of an appeal. But the Commission suggested that reconsideration of a final decision may be appropriate in cases of an extremely compelling nature or to right an obvious wrong. In Order #5211, the Commission held that it was authorized to accept an untimely appeal where the claimant was hospitalized and too ill to timely appeal. While both of these cases suggest that the Commission may exercise equitable authority to reopen a final case, neither case explains the statutory basis for such authority. It is well-established that administrative agencies are creatures of statute and have only those powers which are delegated to them. *See Department for Natural Resources and Environmental Protection v. Stearns Coal & Lumber Co.*, 563 S.W.2d 471, 473 (Ky.1978), citing 2 Am.Jur.2d. *Administrative Law* § 70 (1962). *See also Kerr v. Kentucky State Board of Registration for Professional Engineers and Land Surveyors*, 797 S.W.2d 714, 717 (Ky.App. 1990). Although there may be exceptional circumstances which justify tolling finality of a Commission decision, we cannot find any authority which would allow the Commission to reopen a decision which has become final and has already been appealed once.

the denial of her motion to reopen would be through a direct action seeking declaratory relief. *See Kentucky Board of Hairdressers and Cosmetologists v. Stevens,* 393 S.W.2d 886 (Ky.1965); and *Goodwin v. City of Louisville,* 309 Ky. 11, 215 S.W.2d 557, 559 (1948). Therefore, the Circuit Court properly dismissed her appeal.

Accordingly, the order of the Jefferson Circuit Court dismissing Grimes's appeal is affirmed.

ALL CONCUR.