RENDERED: JUNE 20, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

### NO. 2024-CA-1186-MR

STEPHEN KNIPPER                                                    APPELLANT

v.             APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 24-CI-00571

GOVERNOR'S OFFICE                                              APPELLEE

### OPINION
### AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND MOYNAHAN, JUDGES.

ACREE, JUDGE: Stephen Knipper appeals the Franklin Circuit Court's August 29, 2024, order dismissing as untimely his appeal from a Final Order of the Kentucky Personnel Board. We affirm.

The necessary facts are few. Knipper was notified of his termination as Chief of Staff to former Lieutenant Governor Jenean Hampton. He appealed to

the Personnel Board which entered a Final Order affirming his termination. He was mailed a copy the day it was rendered, April 18, 2024.

In accordance with Kentucky Revised Statutes (KRS) 13B.140(1), Knipper was entitled to "institute an appeal by filing a petition in [Franklin Circuit Court] within thirty (30) days after the final order of the agency [wa]s mailed . . . ." KRS 13B.140(1). There is no other way to pursue such an appeal.

Knipper did not institute an appeal within thirty (30) days as required by the statute. Instead, on April 26, 2024, he filed a motion pursuant to Kentucky Rules of Civil Procedure (CR) 56.03 for the Personnel Board to alter, amend, or vacate the Final Order. On May 10, 2024, *before* the 30-day window closed to timely initiate an administrative appeal, the Board denied the motion. Instead of pursuing a statutory appeal before his opportunity expired, Knipper waited until June 7, 2024, *after* the 30-day window closed to do so.

The circuit court concluded the administrative appeal was untimely and dismissed the complaint. This Court agrees.

"[T]he Civil Rules do not apply in administrative proceedings unless a statute so provides[.]" *Gaines v. Ky. Occupational Safety and Health Review Comm'n*, 326 S.W.3d 818, 821 (Ky. App. 2010). Knipper cites no statute saying the civil rules apply to hearings before the Personnel Board or its hearing officer.

On our own, we closely examined the statutes governing the Personnel Board and found that "[a]ll administrative hearings conducted by the board shall be conducted in accordance with KRS Chapter 13B." KRS 18A.095(15). That chapter sets forth comprehensive procedural rules for administrative hearings before such agencies as the Personnel Board and for the hearing officers authorized to conduct hearings on the agency's behalf. Rules governing evidentiary matters, the burden of proof, discovery, etc., are stated in KRS 13B.090. These rules fully displace the civil rules that apply in our judicial branch courts. In some ways, such as the admissibility of hearsay, these displacing rules even deviate from the civil rules. Knipper, admits as much, stating: "KRS 13B.090(2) . . . overrides the civil rules." (Appellant's Br. 15.)

Because the civil rules do not apply, we searched for any applicable corollary that might operate in administrative hearings before the Personnel Board comparably to how CR 56.03 operates in our courts. We found none.

Although it does not operate the same as CR 56.03, KRS 13B.110 does provide an alternative way to challenge administrative legal and factual findings before a final administrative resolution. Subsection (4) of that statute allows a party "to file exceptions to the [hearing officer's] recommendations with the agency head." KRS 13B.110(4). However, this has no effect on the Personnel Board's Final Order or when it may be appealed.

We also examined KRS 13B.120 governing the agency head's Final Order. There is nothing in that statute allowing a party's reliance upon or use of CR 56.03 or any of Kentucky's civil rules while a party's claim remains in the executive branch for decision. The civil rules "only apply *after* an appeal from an administrative proceeding has been perfected to the circuit court." *Gaines*, 326 S.W.3d at 821 (emphasis added) (citing *Pollitt v. Kentucky Unemployment Ins. Comm'n*, 635 S.W.2d 485, 487 (Ky. App. 1982)).

The Franklin Circuit Court did not err when it dismissed Knipper's administrative appeal as untimely.

We also reject Knipper's argument, made for the first time in this Court, that his complaint should be treated as a petition for a declaratory judgment. First, "[w]e are not permitted to review an argument for the first time on appeal." *Kasey v. Beshear*, 626 S.W.3d 204, 209 (Ky. App. 2021).

Closer to the point, "a declaratory judgment act[ion] is not a substitute or alternative for such actions as are particularly provided for, to be brought in a particular way." *City of Pikeville v. Pike Cnty.*, 297 S.W.3d 47, 52 (Ky. App. 2009). A party who is unsuccessful before an administrative agency and who fails to take a proper and timely appeal from a Final Order cannot pursue "a declaration of rights and in that way substitute the circuit court and this court for the . . . Board in determining many questions, the determination of which is vested by the law in

the . . . Board. We cannot approve thus invading the jurisdiction of that board."
*Moore v. Louisville Hydro-Electric Co.*, 10 S.W.2d 466, 467 (Ky. 1928).

Finally, we do not see how, as Knipper suggests, either the Supreme Court's recent rendition of *Louisville Historical League, Inc. v. Louisville/Jefferson County Metro Government*, 709 S.W.3d 213 (Ky. 2025), or the legislature's enactment of 2025 Ky. Acts ch. 112 (including amendment to KRS 13B.150) impacts our analysis. Knipper fails to persuade us they do.

Given our foregoing reasoning and decision, all other arguments by either party are moot.

The Franklin Circuit Court's August 29, 2024, order is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Adrienne Southworth
Lawrenceburg, Kentucky

BRIEF FOR APPELLEE:

S. Travis Mayo
Laura C. Tipton
Frankfort, Kentucky