Susan Dragoo, Plaintiff-Appellant,†

v.

Donald Dragoo, Defendant-Respondent.

Court of Appeals

*No. 80–104. Submitted on briefs August 22, 1980.—
Decided September 23, 1980.*
(Also reported in 298 N.W.2d 231.)

For the plaintiff-appellant there was a brief by *Duane L. Arena* of Racine, and *Eugene A. Gasiorkiewicz* of counsel.

For the defendant-respondent there was a brief by *Michael T. Sheedy* of *Techmeier, Sheedy & Associates* of Milwaukee.

Before Voss, P. J., Brown and Scott, J.J.

BROWN, J. Susan Dragoo appeals from the trial court's orders dismissing her complaint seeking post-divorce custody modification and ordering that full faith

† Petition to review denied.

and credit be given to an earlier Texas determination. Susan and Donald Dragoo were divorced in Texas in 1974. The Texas decree awarded custody of their three children to the father with a summer visitation period for the mother. In September 1977, while the children were in Racine visiting their mother, she commenced an action seeking transfer of custody of the children to her and reasonable child support. After several hearings and motions, the trial court, in August 1979, ruled that the jurisdictional standards of sec. 822.03, Stats., Wisconsin's codification of the Uniform Child Custody Jurisdiction Act, were not satisfied and dismissed the complaint for lack of subject matter jurisdiction. We affirm.

Susan argues the trial court abused its discretion in dismissing the complaint. She argues the court failed to consider all relevant factors before dismissal. Susan misconstrues the nature of sec. 822.03, Stats. That section establishes factors which must be present before a Wisconsin court may exercise subject matter jurisdiction. The determination of jurisdiction is not a matter of discretion. Rather, it is a question of law. Therefore, much of appellant's argument is misplaced.

The Uniform Child Custody Jurisdiction Act attempts to mitigate the complex jurisdictional issues which often arise in child custody disputes. The failure of the courts to consistently apply the full faith and credit clause[1] to custody determinations encouraged interstate child-snatching and duplicitous litigation. States would independently review and frequently modify custody judgments of other states.

Among the express purposes of the act is to:

[a]ssure that litigation concerning the custody of a child takes place ordinarily in the state with which the child

---

[1] Full Faith and Credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. U. S. CONST. art. IV, §1.

and family have the closest connection and where significant evidence concerning the child's care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and family have a closer connection with another state;

Sec. 822.01(1)(c), Stats.

To effectuate that aim, sec. 822.03, Stats., establishes several standards which must be met before a Wisconsin court has jurisdiction in a custody matter.

822.03 Jurisdiction. (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of the child's removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(b) It is in the best interest of the child that a court of this state assume jurisdiction because the child and the child's parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(c) The child is physically present in this state, and the child has been abandoned or it is necessary in an emergency to protect the child because the child has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(d) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with par. (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this court assume jurisdiction.

(2) Except under sub. (1)(c) and (d), physical presence in this state of the child, or of the child and one

of the contestants, is not alone sufficient to confer juris-
diction on a court of this state to make a child custody
determination.

(3) Physical presence of the child, while desirable, is
not a prerequisite for jurisdiction to determine custody.

The requirements of sec. 822.03, Stats., must be met
at the commencement of proceedings in this state. *Mayer
v. Mayer,* 91 Wis.2d 342, 349, 283 N.W.2d 591, 595 (Ct.
App. 1979). We rule that facts as found by the court and
evidenced in the pleadings reflect proper consideration of
the statutory criteria. Texas was the children's home.
Their sole contact with Wisconsin was the summer visita-
tion period. The Texas courts were actively exercising
jurisdiction by issuance of a contempt order against the
mother for failure to return the children to their father's
custody. The children had no significant connection with
Wisconsin and most relevant evidence for a custody
modification would be in Texas. The allegation of mis-
treatment was not supported and did not amount to an
emergency situation. These facts fail to satisfy the statu-
tory criteria for jurisdiction. The trial court did not err
in dismissing the complaint for lack of subject matter
jurisdiction.

Susan also argues that once the trial court dismissed
her complaint on jurisdictional grounds, it was powerless
to grant full faith and credit to the Texas custody deter-
mination. That order was rendered simultaneously with
the dismissal order. This argument is meritless. Section
822.13, Stats., expressly authorizes the trial court's order.
It states in part:

The courts of this state shall recognize and enforce an
initial or modification decree of a court of another state
which had assumed jurisdiction under statutory provi-
sions substantially in accordance with this act or which
was made under factual circumstances meeting the juris-
dictional standards of the act, . . . .

Although Texas has not adopted the Uniform Act, there is no indication in the record why Wisconsin courts should not recognize and enforce their judgments. The trial court's order was proper.

*By the Court.*—Orders affirmed.