Bruce D. BRIGHTY, Appellant,

v.

Dara D.Y. BRIGHTY (now Hopton), Appellee.

No. 93–SC–357–DG.

Supreme Court of Kentucky.

Sept. 1, 1994.

Martin N. Kute, Michael J. O'Connell, Marcia Ford Seiler, Louisville, for appellant.

Lisa Bridges Clare, Louisville, for appellee.

STEPHENS, Chief Justice.

The issue in the present case is whether it was error for the Jefferson Circuit Court to dismiss for lack of subject matter jurisdiction, a motion to enforce a pre-existing, valid order finding the custodial parent in contempt of court for failure to comply with the court's previous orders regarding visitation. We conclude that jurisdiction exists and therefore, reverse.

## FACTS

Appellant Bruce D. Brighty and appellee Dara D.Y. Brighty (now Hopton) were married in Kentucky in 1984. They had one child, Brooke, who was born on May 31, 1985. The parents dissolved their marriage less than two months after the child was born, never having lived together since her birth. The mother was granted custody of the child. She subsequently remarried and moved with the child outside of Kentucky during the summer of 1988. Three years later the new family moved to New Jersey, where they have been domiciled since June 2, 1991.

## PROCEDURE

The single issue on appeal evolves from a series of legal proceedings which span almost two years. On May 9, 1990, the father filed a motion in Jefferson Circuit Court alleging violation by the mother of previously entered orders regarding visitation with his child. In response, the mother filed a cross-motion for an increase in child support, child support arrearages and reimbursement of medical expenses.[1] Both parties appeared in court, represented by counsel. Following the hearing, the Domestic Relations Commissioner recommended that the mother "be held in contempt of court for her failure to comply with the previous Order regarding visitation, and should be ordered

to serve 30 days in the County jail for such violation...."

Both parties filed cross-exceptions, which were the subject of a hearing held by Jefferson Circuit Judge, Ken Corey on September 7, 1990. On September 19, 1990, Judge Corey entered an order which reflected the various recommendations contained in the Commissioner's Report with one exception: "Imposition of the 30-day sentence for contempt is *remanded generally, pending future compliance* with the Court Orders by [the mother]." (emphasis added).

Approximately one year later, on November 25, 1991, the father filed a motion requesting the court to enforce its standing order of contempt due to his former wife's failure to comply with its order of September 19, 1990, regarding visitation. At this point, the case had been reassigned to Division One of the Jefferson Family Court, Circuit Judge John W. Potter presiding. The mother responded, by counsel and affidavit, arguing that the Kentucky court no longer had jurisdiction over the dispute. Judge Potter agreed and sustained the motion to dismiss for lack of jurisdiction, based upon the fact that "[t]he child has been out-of-state for over 2 years."

The father appealed to the Court of Appeals. After consideration of submitted briefs and oral arguments, the Court of Appeals upheld the trial court's judgment that Kentucky no longer had jurisdiction over the case. This Court granted discretionary review.

## ARGUMENTS

The mother contends that by virtue of the Uniform Child Custody Jurisdiction Act[2] ("UCCJA") and by virtue of her having left Kentucky with the child in 1988, the Kentucky court has lost subject matter jurisdiction over the contempt action, under KRS 403.420. This statute sets forth the prerequisites for jurisdiction over child custody de-

---

1. By so doing, the mother availed herself of the trial court's jurisdiction over her person. *See also, Marquiss v. Marquiss,* 837 P.2d 25 (Wyo. 1992) ("Once jurisdiction in a divorce action attaches, the court's power over the defendant's person continues until all matters arising out of

that litigation are resolved and is not lost by removal of the defendant from the state.")

2. The Uniform Child Custody Jurisdiction Act has been codified in this Commonwealth as Kentucky Revised Statute 403.400 et seq.

terminations under Kentucky's version of the UCCJA. She argues that "the UCCJA mandates that enforcement travel with the case," and demonstrates legislative intent to limit jurisdiction "to the state which can best decide the case in the interest of the child." KRS 403.400(1)(b).

The father readily admits that, under the UCCJA, the Kentucky court has lost jurisdiction to the home state of the child to enter any orders relative to *modification* of the initial custody decree, but contends that "the UCCJA has *no application* to this case." He argues that the proceedings from which he appeals do not involve a child custody determination or custody modification, where the jurisdictional requirements of KRS 403.420 must be met in order for the case to be properly before the court. In his view, the matter before this Court involves no more and no less than the inherent powers of a trial court to enforce its validly entered orders, and its standing authority to retain enforcement jurisdiction of the same.

Both the trial court and the Court of Appeals agreed with the mother that jurisdiction is lacking. In its opinion, the Court of Appeals rejected the distinction urged by the father between *modification jurisdiction* and *enforcement jurisdiction.* It stated:

This Court refuses to give credence to the attempted differentiation of terms for the simple fact that enforcement jurisdiction has the fundamental effect of allowing a state to dictate the terms of a custodial arrangement. This is substantially the identical effect accomplished under modification on original jurisdiction which admittedly is governed by the UCCJA.

The Court of Appeals' opinion reasoned that to uphold the trial court's jurisdiction to enforce "an inert contempt order" is contrary to a primary purpose of the UCCJA. *See,* KRS 403.400(1)(a) ("[to] avoid jurisdictional competition and conflict with courts of other states in matters of child custody....") Respectfully, we disagree.

The question of whether there is a distinction between *enforcement jurisdiction* and *modification jurisdiction* is a question of first impression in Kentucky. It is the holding of this Court that a clear difference exists, supported by the law and sound reasons of public policy.

The UCCJA governs custody determinations. According to the statute, a " 'custody determination' means a court decision and court orders and instructions *providing for* the custody of the child, including visitation rights...." KRS 403.410(2). (emphasis added). In the present case, the custody determination with regard to the minor child (including visitation with her father) was established in 1985 by order of the initial decree of the Jefferson Circuit Court. The original custody decree is valid and binding until superseded by a custody modification order properly entered by a court with jurisdiction. *Cf. Chandler v. Chandler,* Ky., 535 S.W.2d 71 (1975). The record before us demonstrates that no attempt to modify custody or the terms of visitation had been sought by either party in any court at the time the challenged contempt proceeding was first heard and decided in Kentucky.

Where no modification is sought or obtained, courts have consistently held that the UCCJA does not apply to contempt proceedings. The reason is fundamental and makes sense. The UCCJA explicitly applies to "child custody determinations by initial or modification decree." KRS 403.420(1). An order for contempt is simply not a custody determination in any way, shape or form. *See,* Danny R. Veilleux, Annotation, *What Types of Proceedings or Determinations are Governed by the Uniform Child Custody Jurisdiction Act (UCCJA) or the Parental Kidnapping Prevention Act (PKPA),* 78 A.L.R.4th 1028, §§ 14 and 15 (1990).

The distinctive analyses in which a court must engage with respect to issues involved in these two very different proceedings demonstrates the truth of this proposition. Under the UCCJA, the question of whether jurisdiction exists in a particular forum to entertain a motion for a child custody determination, either by initial or modification decree, necessarily involves an evidentiary hearing dedicated to resolution of the issue consistent with the best interest of the child. The jurisdictional principle provided by the Act accords flexibility built around a child's

"home state," as well as a measure of uniformity designed to eliminate conflicting decisions on the part of competing state forums.

In sharp contrast, the issue of enforcement jurisdiction is strictly limited to a basic determination of whether a custody order was valid when entered, and can be enforced. *Rebhan v. Fuhrman,* 139 Ky. 418, 21 K.L.R. 17, 50 S.W. 976 (1899). In other words, the interests intended to be protected by enactment of the UCCJA, are just not implicated by a trial court's discretion to retain contempt jurisdiction and the ability to enforce its own validly entered orders.

It is important to state clearly that the conclusion set forth by this opinion, that there *is* a significant difference between modification jurisdiction and enforcement jurisdiction with respect to child custody disputes, works no change in existing Kentucky law related to the requirements for jurisdiction over original decree or modification disputes that do fall within the purview of the UCCJA or the PKPA (Parental Kidnapping Prevention Act). *See, Turley v. Griffin,* Ky., 508 S.W.2d 764 (Ky.Ct.App.1974); *Cann v. Howard,* Ky., 850 S.W.2d 57 (Ky.Ct.App. 1993).

Finally, we observe the position we adopt in this case to be thoroughly in line with the results reached by courts considering the issue in other jurisdictions. *E.g., Levis v. Markee,* 771 S.W.2d 928 (Mo.App.1989); *Commonwealth ex rel. Taylor v. Taylor,* 332 Pa.Super. 67, 480 A.2d 1188 (1984); *In re Paternity of J.L.V.,* 145 Wis.2d 308, 426 N.W.2d 112 (Wis.App.1987); and *Marquiss v. Marquiss,* 837 P.2d 25 (Wyo.1992). *See also* 24 Am.Jur.2d, *Divorce and Separation,* 997 at 990–91 (1983). We suggest this degree of consensus reflects not only the paramount importance of a court's inherent authority to enforce its own orders, but also a rule that makes good common sense. To hold that a trial court's contempt jurisdiction could be literally extinguished after six months, upon an out-of-state relocation by the contemnor parent citing the UCCJA, would be to deprive the court of a meaningful ability to adjudicate the dispute properly before it.

For the reasons stated above, we reverse the Court of Appeals and remand this case to the Jefferson Family Court to exercise jurisdiction, or not, as is within its discretion.

All concur.