**Jackson COLEMAN, Appellant,**

v.

**EASTERN COAL CORPORATION; Robert L. Whittaker, Acting Director of Special Fund; Lloyd R. Edens, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 95–CA–000287–WC.

Court of Appeals of Kentucky.

Dec. 22, 1995.

Miller Kent Carter (briefed), Pikeville, for Appellant.

David R. Allen (briefed), Louisville, for Appellee, Special Fund.

Terri Smith Walters (briefed), Pikeville, for Appellee, Eastern Coal Corporation.

Before LESTER, C.J., and MILLER and SCHRODER, JJ.

SCHRODER, Judge.

Jackson Coleman (Coleman) petitions for review from a decision of the Workers' Compensation Board (Board), affirming an award by the Administrative Law Judge (ALJ) of 40% occupational disability. Coleman argues that the ALJ's failure to render an opinion within 90 days from the date of the hearing deprived him of due process; that the evidence compels a finding of total disability; and that the ALJ should not have relied upon unsworn statements made by the employer's attorney in reaching his decision. Having reviewed the record, we affirm.

Coleman filed a claim for retraining incentive benefits and for an injury and psychiatric condition. A hearing was held on October 5, 1993, but the ALJ's decision was not rendered until May 26, 1994. 803 KAR 25:011 § 10(6)(a) sets forth that an ALJ's decision "shall be rendered no later than ninety (90) days following the hearing." KRS 342.275 states that the ALJ "shall render the award, order or decision within thirty (30) days after the case is submitted." In this case, the claim was submitted as of December 9, 1993. It is undisputed that the ALJ's opinion was issued later than prescribed by either regulation or statute.

Coleman maintains that the passage of time stripped him of the benefits of the hearing, that is, the opportunity for the ALJ to observe his demeanor and credibility. Coleman stresses that the hearing had to be recessed so that he could get a chair which was more comfortable for him, that he had to stand at least twice during his testimony, and that he never maintained eye contact, thereby evincing his depression. Thus, he concludes that because the events of the hearing were stale by the time the ALJ considered them, he was effectively denied his right to a full and fair hearing. We disagree.

Although the ALJ did not specifically make reference in his opinion to Coleman's demeanor at the hearing, there is no basis to conclude that he completely forgot the appellant and that he did not consider such factors as Coleman's voice, discomfort, and lack of eye contact when he made his decision. Moreover, we have consistently held that a claimant's due process rights are not violated even when one ALJ hears the case and another ALJ writes the actual decision. In those instances, the author of the written opinion never even saw the claimant. Clearly, Coleman presents a weaker due process argument. *Kentucky Alcoholic Beverage Control Board v. Jacobs*, Ky., 269 S.W.2d 189, 192 (1954) states that procedural due process requires:

[A] hearing, the taking and weighing of evidence, if such is offered, a finding of fact based upon consideration of the evidence, the making of an order supported

by substantial evidence, and, where the party's constitutional rights are involved, a judicial review of the administrative action.

All of these factors were afforded Coleman.

Moreover, as pointed out by the Board, the purpose behind the cited regulation is the speedy resolution of workers' compensation cases. While this goal may have been compromised by the length of time between the hearing and the written decision in this instance, the goal would certainly not be fulfilled by Coleman's proposed remedy of a new hearing. In addition, there is no statutory or regulatory authority to support appellant's proposition.

 Coleman's next contention is that the award of less than 100% disability is insufficient under the facts. The properly posed question is whether the evidence compels a finding of greater than 40% occupational disability. *Special Fund v. Francis,* Ky., 708 S.W.2d 641 (1986). The evidence must be so overwhelming that no reasonable person could have drawn the same conclusion as the ALJ. *REO Mechanical v. Barnes,* Ky.App., 691 S.W.2d 224 (1985). The Board determined that the testimony of Drs. Goodman and George supported the ALJ's conclusion, and since the ALJ is free to choose whom to believe, *Caudill v. Maloney's Discount Stores,* Ky., 560 S.W.2d 15 (1977), and to transfer figures of functional impairment into occupational disability, *Seventh Street Road Tobacco Warehouse v. Stillwell,* Ky., 550 S.W.2d 469 (1976), his decision was supported by substantial evidence and could not be reversed. The question before us is whether the Board has "overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hospital v. Kelly,* Ky., 827 S.W.2d 685, 687–88 (1992).

 Dr. Goodman diagnosed osteophytes at L3, 4, and 5 with narrowing at L5–S1 and a bulging disc at L3–4. He opined that Coleman was capable of lifting up to 50 or 60 pounds and of standing and sitting up to six hours a day. He assigned 20% functional impairment to the body as a whole. Dr. George found a reactive depressive disorder and opined that Coleman was 10% functionally disabled due to the condition. Given this testimony, we agree with the Board that the ALJ's determination of 40% occupational disability is supported by substantial evidence, even though another ALJ may have found a higher degree of disability. As such, the Board did not misconstrue precedent or commit any error so as to cause gross injustice.

Appellant's last argument is that the ALJ should not have considered the unsworn statements, appended to appellee's brief before the ALJ, by the employer's attorney. Appellant maintains that an attorney should not be a witness, that the affidavit was not subject to cross-examination, and that it constituted hearsay.

The statements complained of refer to Dr. Diane Shafer, who recently lost her license to practice medicine in Kentucky. The letter reads:

> I talked to Mr. Carter about encouraging his client to change doctors and be treated by a reputable physician. He indicated that he has recommended that his client do so, but his client is not taking his advice. Mr. Carter says his client is extremely nervous and 'about to go over the edge[.']

We agree with the Board that there is absolutely no evidence that the ALJ relied on these statements in making his judgment. He clearly found Dr. Goodman to be the most persuasive physician. We can also presume that he was well aware of Dr. Shafer's reputation and legal problems without the above reminder from employer's counsel. Even if the ALJ should have struck those statements from appellee's brief, the error was harmless. For these reasons, the Board's decision is affirmed.

All concur.