**SECRETARY, LABOR CABINET,**
Commonwealth of Kentucky,
Appellant,

v.

**BOSTON GEAR, INC., A DIVISION OF IMO INDUSTRIES, INC.;** and Kentucky Occupational Safety and Health Review Commission, Appellees.

No. 1998–SC–0597–DG.

Supreme Court of Kentucky.

Aug. 24, 2000.

Gordon R. Slone, Frankfort, for Secretary of Labor, Commonwealth of Kentucky.

Randolph H. Freking, Freking & Betz, Covington, Denise H. McClelland, Frost & Jacobs, Lexington, for Boston Gear, Inc.

Frederick G. Huggins, Frankfort, for Kentucky Occupational Safety and Health Review Commission.

STUMBO, Justice.

This appeal concerns the issue of whether the Kentucky Occupational Safety and Health Review Commission has the authority to remand a case to a hearing officer after a recommended order has been issued by a hearing officer.

Peggy Travis and Victoria Williamson are former employees of Boston Gear. In May, 1991, Travis sent a letter to the Occupational Safety and Health Administration (OSHA) complaining of safety violations in and around co-worker Williamson's work area, which was in close proximity to Travis's area. OSHA investigated the allegations by visiting the Florence, Kentucky plant where Travis and Williamson were employed. The investigation by OSHA consisted of inspecting the alleged safety hazards in Williamson's work area and talking with Williamson and one other employee. Although Boston Gear was informed of the complaint, the name of the complainant was never mentioned, even upon the request of the facility manager. Subsequently, on June 25, 1991, OSHA issued Boston Gear a citation for a safety violation found during the inspection.

Shortly thereafter, on July 1, 1991, Williamson, an eleven-year employee, was fired, allegedly for productivity problems. On the same day, Travis, a five-year employee, was issued a "decision making leave" (DML), basically a one day paid suspension designed to allow the employee time to reflect as to whether to continue working for the company or terminate employment. Subsequently, on July 19, 1991, Travis informed her supervisor that it was she, not Williamson, who had made the safety complaint. Thereafter, on August 5, 1991, Travis was terminated. Boston Gear claimed that both Travis and Williamson were fired because of their troubled work histories, namely Travis's problem with absenteeism and failure to pass a drug test and Williamson's problem with insubordination and lack of productivity, and that despite providing both counseling and DML, the parties' work problems continued.

On October 11, 1991, Williamson and Travis filed a discrimination complaint with the Secretary of Labor alleging that they were terminated for engaging in protected activity, to wit, complaining to OSHA. KRS 338.121(3)(a) states that no person or business may fire or otherwise discriminate against an employee for filing a safety and health complaint or discussing safety concerns with their supervisor or a safety inspector. On December 3, 1992, the Secretary issued a Citation and Notification of Penalty, proposing a $3,000 penalty and corrective action of restoring the employees to work with back pay and seniority, and a clearing of personnel records.

Boston Gear contested the citation, and on May 27, 1993, a hearing was held on the issue of discrimination before the Honorable Patricia Rabits. Following the Secretary's case-in-chief, Boston Gear moved for a directed verdict. Hearing Officer Rabits took the case under advisement, and, subsequently, on July 21, 1993, issued Findings of Fact, Conclusions of Law and a Recommended Order sustaining Boston Gear's motion, concluding that the Secretary of Labor failed to carry its burden of proof.

The Secretary then petitioned the Review Commission for discretionary review pursuant to 803 KAR 50:010 § 48. On October 25, 1993, the Review Commission granted the Secretary of Labor's request and "remanded" the case on the basis that Hearing Officer Rabits had improperly entered the directed verdict. The Commission concluded that it could not "perform its statutory function without reference to all the facts of the case" and that it was the hearing officer's duty to "assure the facts of the case are 'fully elicited .'" On remand, Hearing Officer Rabits' contract with the Commission had expired; therefore, a new hearing officer was ordered to continue to take Boston Gear's proof and

the Labor Cabinet's rebuttal and then issue a recommendation. On November 4, 1993, Honorable Robert Bowman heard the testimony of two of Boston Gear's witnesses and permitted the introduction of additional exhibits. Thereafter, on May 16, 1994, Hearing Officer Bowman issued new Findings of Fact, Conclusions of Law and Recommendation upholding the citation and ordering Boston Gear to immediately reinstate the employees. He further recommended that Williamson be awarded $88,467 .69 and that Travis be awarded $83,759.88 in back pay with interest.

Boston Gear petitioned the Review Commission for review, but was denied. The Commission adopted Officer Bowman's decision. Boston Gear appealed to the Franklin Circuit Court which affirmed the decision of the Review Commission. Boston Gear then appealed to the Court of Appeals which reversed and remanded, finding that the Commission lacked authority to remand the matter for consideration by a new hearing officer after a directed verdict was granted by the initial officer. We granted discretionary review and now reverse.

■ The first issue presented by this appeal is whether the Kentucky Occupational Safety and Health Review Commission has authority to remand an administrative appeal to a hearing officer to renew or continue taking evidence. KRS 338.071(4) specifically states that the Commission "shall hear and rule on appeals from citations, notifications, and variances issued under the provisions of this chapter and adopt and promulgate rules and regulations with respect to the procedural aspect of its hearings." The review commission is the ultimate decision-maker in occupational safety and health cases and may either hear cases themselves or hire hearing officers to "serve in its place." See KRS 338.071(5) and KRS 338.081. However, the final authority rests with the Commission, and the Commission is not bound by the decision of the hearing officer.

"After hearing an appeal, the review commission may sustain, modify or dismiss a citation or penalty." KRS 338.081. While a recommended order by a hearing officer is not a final order, it can become a final order in one of two ways. First, if after forty (40) days of issuance, the recommended order has not been called for review by the Commission or a commissioner, and discretionary review is not requested or granted, it becomes a final order. Second, it becomes a final order if it is affirmed by the Commission upon review. See 803 KAR 50:010, § 47. In the case at bar, since the Labor Cabinet petitioned for discretionary review pursuant to 803 KAR 50:010, § 48, the recommendation by Hearing Officer Rabits did not automatically become a final order.

■ We previously have held "we know of no rule or law that denies to a court the right to revoke an order and substitute in lieu thereof a new and different one, provided the court has not lost jurisdiction over the case involved. An administrative agency unquestionably has the authority, just as has a court, to reconsider and change its orders during the time it retains control over any question under submission to it." *Phelps v. Sallee,* Ky., 529 S.W.2d 361, 365 (1975) (quoting *Union Light, Heat & Power Company v. Public Service Commission,* Ky., 271 S.W.2d 361 (1954)). Since Hearing Officer Rabits' recommendation was not yet final and the Review Commission retained the authority to review the decision, the Commission had the authority to remand the case to the hearing officer level and require more detailed findings.

When the Commission remanded the case to the second hearing officer, it was acting within its authority to "administer oaths, take depositions, conduct hearings, . . . and secure any other evidence deemed necessary to evaluate any occupational safety and health hazard in order to ascertain whether any person has violated any provision of this chapter or regulations

issued pursuant thereto ." KRS 338.101(1)(b). Administrative regulations require that all the relevant facts be fully elicited at a hearing. *See* 803 KAR 50:010 § 36. Because the Commission concluded that Hearing Officer Rabits improperly granted a directed verdict and failed to "fully elicit" all relevant facts, the Commission remanded the case to another hearing officer to gather all of the evidence. In doing so, the Commission acted within its authority.

■ We have reviewed Boston Gear's contention that the remand of the case to a different hearing officer denied Boston Gear due process. At a minimum, Boston Gear argues that the Commission should have ordered a *de novo* rehearing by the second hearing officer. The requisite elements for procedural due process are "a hearing, the taking and weighing of evidence, a finding of fact based upon an evaluation of the evidence and conclusions supported by substantial evidence." *Kaelin v. City of Louisville*, Ky., 643 S.W.2d 590, 591 (1982). However, due process is not necessarily based upon an opportunity to personally observe the claimant. *See Bentley v. Aero Energy, Inc.*, Ky.App., 903 S.W.2d 912, 913 (1995) ("It is therefore evident that the requisites of due process focus upon the appraisal and evaluation of evidence supplied the decision-maker, not upon the opportunity to personally observe the claimant."); *Coleman v. Eastern Coal Corp.*, Ky.App., 913 S.W.2d 800, 801 (1995) ("Moreover, we have consistently held that a claimant's due process rights are not violated even when one ALJ hears the case and another ALJ writes the actual decision.") We believe the minimum requirements for due process were met here, and thus we find Appellee's claim to be without merit.

■ The law is clear that jurisdiction continues to rest with the Review Commission until a final order is rendered. The Review Commission is not required to grant deference to the recommendation of the hearing officer and is not required to

expressly articulate reasons for reaching a contrary result. Instead, the Review Commission has the opportunity to review all the evidence gathered by the hearing officer before rendering its decision. Given the broad discretion imparted to the Commission, we find it acted within its discretion when it declined to accept Ms. Rabits' recommendation and instead remanded the case to another hearing officer to secure further evidence.

■ The next issue presented in this appeal is whether there was substantial evidence to support the final decision of the Commission. "Substantial evidence has been conclusively defined by Kentucky courts as that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person." *Bowling v. Natural Resources and Envtl. Protection Cabinet*, Ky.App., 891 S.W.2d 406, 409 (1994) (citing *Kentucky State Racing Comm'n v. Fuller*, Ky., 481 S.W.2d 298, 308 (1972)).

■ "[I]f there is substantial evidence in the record to support an agency's findings, the findings will be upheld, even though there may be conflicting evidence in the record." *Kentucky Comm'n on Human Rights v. Fraser*, Ky., 625 S.W.2d 852, 856 (1981). In determining whether a violation of KRS 338.121 occurred, the Commission correctly utilized the procedure set for in *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Under the *Mt. Healthy* analysis, once the Secretary has established a prima facie case, the employer must show by a preponderance of the evidence that it would have taken the same action in the absence of the protected activity.

Although Boston Gear alleges the employees were terminated for poor employment histories, there was sufficient evidence for the Commission to reach an opposite conclusion. Williamson had worked for Boston Gear for 11 years.

Travis worked for Boston Gear for 5 years. Within months of filing the safety report, both employees were terminated. Further, Boston Gear did not follow its own personnel policy of issuing DML before terminating Williamson. In fact, Williamson had not received a DML for two years prior to her termination.

Further, the Commission believed that Williamson was fired because Boston Gear concluded that she was the one who filed the safety complaint and that Travis was fired because she "confessed" that it was she, and not Williamson, who had filed the safety complaint. While Boston Gear contends there was no evidence presented to indicate management knew of Travis's safety complaint prior to Williamson's and Travis's discharge, the Commission disagreed and determined there was sufficient evidence to infer management knowledge about who filed the complaint.

The Commission determined that claimants established a prima facie case that they had engaged in protected activity.

Travis demonstrated that she filed the OSHA complaint. Williamson demonstrated that she was fired under the mistaken belief that she was the one who filed the complaint, and thus her activity was also protected. *See Donovan v. Peter Zimmer America, Inc.,* 557 F.Supp. 642 (D.S.C. 1982).

Based upon all the foregoing, we believe there was substantial evidence in the record to support the decision of the Review Commission. Accordingly, we reverse the opinion of the Court of Appeals and reinstate the decision of the Franklin Circuit Court.

All concur.