**ELLIOT ELECTRIC/KENTUCKY, INC., Appellant,**

v.

**KENTUCKY OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Department of Labor, Environmental and Public Protection Cabinet, Appellees.**

No. 2009–CA–001997–MR.

Court of Appeals of Kentucky.

Sept. 24, 2010.

Jeffrey S. Walther, Lexington, KY, for appellant.

Frederick G. Huggins, Frankfort, KY, for appellee, Review Commission.

Before CAPERTON and COMBS, Judges; LAMBERT,[1] Senior Judge.

## OPINION

COMBS, Judge:

Elliot Electric/Kentucky, Inc., appeals an opinion and order of the Franklin Circuit Court dismissing for lack of jurisdiction its appeal of a decision of the Kentucky Occupational Safety and Health Review Commission (the Commission). After our review, we affirm.

Following its investigation of a workplace fatality, the Kentucky Department of Labor, Environmental and Public Protection Cabinet, issued a citation and notification of penalty to the employer, Elliot Electric, on September 13, 2004. Elliot Electric contested the issuance of the citation and the imposition of a penalty. Pursuant to the provisions of Kentucky Revised Statutes (KRS) Chapter 338, the Kentucky Occupational Safety and Health Review Commission conducted a hearing to consider the employer's challenge.

After reviewing the pleadings, testimony, and exhibits, the Commission's hearing officer concluded that Elliot Electric had indeed violated an established federal workplace standard that tragically resulted in the electrocution and death of its employee. The hearing officer also concluded that the penalty proposed by the Department of Labor should be affirmed. Finally, the hearing officer recited that her recommended order "may be called for further review by the Commission within a forty day period following issuance."

Findings of Fact, Conclusions of Law, and Recommended Order, Notice of Appeal Rights at 10.[2]

The recommended order of the hearing officer was conditionally affirmed by the Commission and was served on the parties on May 30, 2006. In its separate order, the Commission described a forty-day review period and advised the parties that any petition for discretionary review had to be submitted within 25 days; any opposition to a petition for discretionary review was to be filed within 35 days. The Commission's order specifically provided that the hearing officer's recommended order "is adopted and affirmed as the Decision, Findings of Fact, Conclusions of Law and Final Order of this Commission *unless it is called for review and further consideration ... within 40 days of [May 30, 2006]."* (Emphasis added).

On June 26, 2006, Elliot Electric filed a timely petition for discretionary review of the recommended order. On July 5, 2006, the Department of Labor filed a timely response in opposition to the petition. However, the Commission did not act, and the forty-day review period expired.

On August 1, 2006, the Commission suddenly issued an order purporting to grant Elliot Electric's petition for review. The Department of Labor declined to comply with the Commission's request for briefs, arguing that the Commission lacked jurisdiction over the matter since the forty-day review period had expired. The Department of Labor contended that the hearing officer's decision had duly become the Commission's *final* order.

In response, Elliot Electric conceded that the forty-day review period had ex-

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. 803 KAR 50:010 § 48 provides in part that the "[f]ailure to act on any petition for discretionary review in the review period shall be deemed a denial thereof."

pired before the Commission decided to act. However, it observed as follows:

if the Department of Labor is correct in its position that the Commission lacks jurisdiction over this matter and [the employer's] time for appeal of the decision has passed, [the employer] will be left without a mechanism to challenge the hearing officer's erroneous decision.

Motion for Waiver of Rules at 2. On September 12, 2006, the employer requested the Commission to waive the forty-day review period and to reopen the matter.

On October 3, 2006, the Commission withdrew its decision to grant the employer's petition for review as having been improvidently granted. After reviewing its own regulations, the Commission concluded that it lacked the jurisdiction necessary to grant the employer's petition for discretionary review because the petition had been denied *by operation of law* as of July 10, 2006.

On October 10, 2006, Elliot Electric filed an appeal in Franklin Circuit Court, alleging that the decisions of the Department of Labor and the Commission were arbitrary and capricious and were otherwise not in accordance with the law. Elliot Electric contended that its appeal was filed pursuant to the provisions of KRS 338.091, requiring an appeal within thirty days of the Commission's final order, and it sought dismissal of the citation and penalty.

The Commission answered the complaint and alleged that Elliot Electric had failed to state a claim upon which relief could be granted. The Department of Labor filed a motion pursuant to Kentucky Rules of Civil Procedure (CR) 12.02 to dismiss for lack of subject matter jurisdiction.

■ In its memorandum in support of the motion to dismiss, the Department of Labor argued that the Commission's fail-ure to act on the employer's petition for discretionary review within the forty-day review period necessarily meant that the hearing officer's recommended decision had become the Commission's final order by operation of law on July 10, 2006. "The intervening order of the Commission granting discretionary review had no legal effect because the hearing officer's decision had already become a final order nearly a month earlier." Memorandum in Support of Motion to Dismiss at 6. The Department of Labor argued that the employer's only recourse after the review period had ended was to file a timely appeal to the Franklin Circuit Court. Referring to the provisions of KRS 338.091, which permits an appeal within thirty days of the Commission's final order, the Department of Labor contended that the employer's appeal should have been filed on or before August 9, 2006 (30 days following the finality of the order by operation of law on July 10, 2006).

■ The Commission observed that strict compliance with a statute is required in order to confer jurisdiction in a matter involving a court's review of an administrative action. Where the conditions for the exercise of power by a court have not been met, judicial power cannot be lawfully invoked. Apparently in recognition of the harshness of the outcome that it proposed, the Commission noted that the employer had been on notice that the hearing officer's decision would become final unless it was called for review by the Commission within the forty-day review period. Once the forty-day review period had expired on July 10, 2006, the Commission observed, the employer knew that its right to appeal to the circuit court would expire in thirty days' time. Since the employer had failed to appeal within thirty days following July 10, 2006, the circuit court's jurisdiction could not now be invoked.

On November 30, 2006, Elliot Electric filed a memorandum in opposition to the Department of Labor's motion to dismiss. While the employer conceded that the provisions of KRS 338.091 grant any party adversely affected or aggrieved by a final order of the Commission thirty days within which to appeal to the Franklin Circuit Court, it observed that the Kentucky Occupational Safety and Health Act "does not specify or impose any requirements pertaining to when an order of the [Commission] shall be deemed to be final or when [the Commission] loses jurisdiction over a case." Memorandum in Opposition to Dismiss at 7.

Elliot Electric argued that its petition for discretionary review prevented the hearing officer's recommended order from becoming a final order of the Commission and contended that the Commission did not intend (nor was it at liberty) to divest itself of jurisdiction following the forty-day review period. Elliot Electric argued that the Commission was within its authority to reconsider the hearing officer's recommended order by virtue of its inherent power to review its own orders and that it was empowered by the provisions of 803 KAR 50:010 § 59 to waive it own 40–day review rule. The employer argued further that it had been barred from appealing to the circuit court during the period before the Commission withdrew its decision to grant its petition for discretionary review because it had not yet exhausted its administrative remedy. Finally, Elliot Electric argued that the statutory thirty-day period for appeal to the Franklin Circuit Court is not jurisdictional and had been equitably tolled by the Commission's decision to grant the petition for discretionary review.

On December 21, 2006, the Commission responded to the Department of Labor's motion to dismiss. The Commission conceded that the hearing officer's recommended order had become the Commission's final order on July 10, 2006—*before* the Commission purported to grant the employer's petition for discretionary review and that it had lost jurisdiction over the matter before it attempted to grant the petition. It agreed that the circuit court's jurisdiction had not been properly invoked because of the untimeliness of Elliot Electric's appeal. However, the Commission conceded that its "untimely call for review may have led [the employer] to decide it need not file a timely appeal of the recommended order." Response to Motion to Dismiss at 14. Consequently, it requested the court to deny the Department of Labor's motion to dismiss "on the narrow point that [the employer] may not have known its time to appeal to Franklin [C]ircuit [Court] was running out." *Id.* In the alternative, the Commission requested that the court remand the matter "to enable the commission to review the recommended order entered by the hearing officer." *Id.*

On September 29, 2009, the Franklin Circuit Court's opinion and order were entered. The court concluded that pursuant to the Commission's regulations, its hearing officer's recommendation became the Commission's final order on July 10, 2006. The court observed that the employer had plainly failed to file its appeal within the allotted thirty days thereafter. Finally, the circuit court noted that an appeal from an administrative agency is a matter of legislative grace and that strict compliance with the statute providing for an appeal is required. The court held that its jurisdiction had not been properly invoked, and it dismissed the proceeding. This appeal followed.

The Commission is specifically directed by the General Assembly to hear and rule upon appeals from citations issued by the

Department of Labor. KRS 338.071. It was also specifically directed by the General Assembly "to adopt and promulgate rules and regulations with respect to the procedural aspect of its hearings." KRS 338.071(4). Pursuant to these duly adopted rules and regulations:

> The recommended order of the hearing officer may be called for review by any Commission member or by the Commission as a whole at any time within a forty (40) day period. *If the recommended order is not ordered for further review, it shall become the final order of this Commission forty (40) days after the date of issuance.*

803 KAR 50:010 § 47. (Emphasis added).

In this case, the hearing officer's recommended order was adopted and affirmed by the Commission, and it became the Commission's "final order" forty days after it was issued on May 30, 2006—as Elliot Electric acknowledges. However, Elliot Electric argues that the final order "ceased to be a final order ... when the [Commission] issued its [order granting discretionary review]" and that "the new final order date was now the date that the [Commission] withdrew its direction for review [October 3, 2006]." Appellant's Brief at 15 and 16. We disagree.

The recommended order of the Commission's hearing officer was the Commission's final order after the passage of forty days. Following expiration of the forty-day review period, the issues were regarded as finally disposed of and nothing remained for any future determination. *See Hubbard v. Hubbard*, 303 Ky. 411, 197 S.W.2d 923 (1946). Pursuant to its regulations, the Commission's failure to call for a review of the hearing officer's recommended order within the forty-day period indicated to the parties that the administrative proceeding had come to its end.

We are not aware of any provision in the enabling statutes that authorizes the Commission to reconsider its final decision or to extend the period of time for taking an appeal of its final order. Once the Commission's order became final, it did not retain jurisdiction to withdraw any previous orders and issue new ones. *See Secretary, Labor Cabinet v. Boston Gear, Inc.*, 25 S.W.3d 130 (Ky.2000). The employer refers to the provisions of 803 KAR 50.010 § 49(1), which permits any party aggrieved by a final order of the commission to file a motion for stay, "while the matter is within the jurisdiction of the commission."

However, this regulation speaks only to the powers of an agency "to enforce its validly entered orders, and its standing authority to retain enforcement jurisdiction of the same." *Brighty v. Brighty*, 883 S.W.2d 494, 496 (Ky.1994). We do not interpret this rule to confer any authority upon the Commission to modify or alter its final order. "An administrative agency does not have any inherent or implied power to reopen or reconsider a final decision...." *Kentucky Bd. of Medical Licensure v. Ryan*, 151 S.W.3d 778, 780 (Ky.2004) (citing *Phelps v. Sallee*, 529 S.W.2d 361, 365 (Ky.1975)). Finality cannot become anything other than finality for purposes of additional litigation or adjudication. The Commission's putative granting of Elliot Electric's petition for discretionary review did not repeal its final order because it lacked any authority necessary to do so.

In the alternative, Elliot Electric argues that the doctrine of equitable tolling should have been applied to suspend the running of the thirty-day period for the filing of an appeal in Franklin Circuit Court. The employer contends that the limitations period created by the provisions of KRS 338.091 is non-jurisdictional

and can be set aside under the unusual circumstances presented by this case.

KRS 338.091(1) provides the exclusive means for contesting the Commission's final decisions. It provides as follows:

> Any party adversely affected or aggrieved by a final order of the review commission may appeal within thirty (30) days to the Franklin Circuit Court on the record for a review of such order.

■ It is well settled that "[w]hen grace to appeal [a decision of an administrative body to the circuit court] is granted by statute, a strict compliance with its terms is required." *Board of Adjustments of City of Richmond v. Flood,* 581 S.W.2d 1, 2 (Ky.1978). "Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked." *Id.* (citing *Kentucky Utils. Co. v. Farmers Rural Elec. Co-op. Corp.,* 361 S.W.2d 300 (Ky.1962); *Roberts v. Watts,* 258 S.W.2d 513 (Ky.1953)). The Supreme Court of Kentucky has recently reaffirmed this principle in the strongest of terms. *See Belsito v. U–Haul Co. of Kentucky,* 313 S.W.3d 549 (Ky.2010); *Sajko v. Jefferson Co. Bd. of Ed.,* 314 S.W.3d 290 (Ky. 2010); and *Louisville Gas and Electric Co. v. Hardin & Meade Co. Property Owners for Co–Location,* 319 S.W.3d 397 (Ky. 2010)(where court held that circuit court lacked jurisdiction to enlarge the time for filing the designation of the record beyond the ten-day period prescribed for the timely filing of the action despite the fact that KRS 278.420(2) permitting the enlargement of time does not contain an express time limit within which the motion must be made).

When Elliot Electric appealed the Commission's decision to the Franklin Circuit Court three months after it became final rather than within the allotted thirty days, it failed to meet the single condition precedent to the court's jurisdiction. Because the appeal failed to comply with the requirements of KRS 338.091(1), jurisdiction of the circuit court could not be invoked. Consequently, the appeal was properly dismissed

The order of the Franklin Circuit Court is affirmed.

ALL CONCUR.